IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | C.A. No. 20-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION,<br><br>        Plaintiff,<br><br>        v.<br><br>CRYSTAL PHARMACEUTICAL (SUZHOU) CO., LTD.,<br><br>        Defendant. | ▮▮▮▮▮▮▮▮▮▮▮<br><br>C.A. No. 21-1347-RGA<br>C.A. No. 21-1797-RGA<br><br>Public Version Filed: July 14, 2022 |

**DEFENDANT CRYSTAL'S RESPONSIVE BRIEF OPPOSING
NOVARTIS'S MOTION TO DISMISS CIVIL ACTION NOS. 21-1347 AND 21-1797
AND THEIR ASSOCIATED COUNTERCLAIMS**

OF COUNSEL:

Scott A. Cunning II
Elizabeth M. Crompton
PARKER POE ADAMS & BERNSTEIN, LLP
1400 K Street, NW
Suite 1000
Washington, DC 20005
202.434.9100
scottcunning@parkerpoe.com
elizabethcrompton@parkerpoe.com

C. Kyle Musgrove
PARKER POE ADAMS & BERNSTEIN, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
704.372.9000
kylemusgrove@parkerpoe.com

HEYMAN ENERIO
GATTUSO & HIRZEL LLP
Dominick T. Gattuso (# 3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

*Attorneys for Defendant Crystal Pharmaceutical (Suzhou) Co., Ltd.*

# TABLE OF CONTENTS

Table of Authorities ............................................................................................................ ii

I.      Introduction ............................................................................................................. 1

II.     Statement of Nature and Stage of Proceedings ....................................................... 2

III.    Summary of Argument ............................................................................................ 3

IV.     Statement of Facts ................................................................................................... 5

        A.      Crystal Seeks Approval and Plans to Commercialize Prior to Expiration of
                the HFpEF Patents ........................................................................................ 5

        B.      Novartis's Complaints State that Crystal's ANDA Will Induce Infringement;
                Novartis Has Not Rescinded Those Allegations ............................................ 7

V.      Argument ................................................................................................................. 8

        A.      The Court Has Subject Matter Jurisdiction .................................................... 9

                1.      Subject Matter Jurisdiction Lies Under 35 U.S.C. § 271(e)(2) and the
                        Declaratory Judgment Act .................................................................. 9

                2.      Crystal's Proposed Labeling ██████████████ ............... 10

        B.      Crystal's Counterclaims Warrant Declaratory Judgment .............................. 11

                1.      Novartis Seeks to Avoid Resolution of the Controversy ████
                        ████████████████████ ................. 11

                        a.      The *AstraZeneca* Decision Relied on Plaintiffs' Concession of
                                Non-Infringement ................................................................. 12

                        b.      There Is a Substantial Controversy Because Novartis Has Not
                                Conceded ███████████████ ............. 14

                2.      The Controversy Is Sufficiently Immediate ........................................ 15

        C.      If Novartis Is Granted Dismissal, It Should Be With Prejudice .................... 17

VI.     Conclusion ............................................................................................................. 20

## <u>TABLE OF AUTHORITIES</u>

**Cases**

*Allergan, Inc. v. Alcon Labs., Inc.*,
   324 F.3d 1322 (Fed. Cir. 2003) ................................................................................... 12, 13

*AstraZeneca Pharms. LP v. Apotex Corp.*,
   2010 WL 5376310 (D. Del. Dec. 22, 2010). ...................................................................... 12

*AstraZeneca Pharms. LP v. Apotex Corp.*,
   669 F.3d 1370 (Fed. Cir. 2012) .................................................................................. passim

*Benitec Australia, Ltd. v. Nucleonics, Inc.*,
   495 F.3d 1340 (Fed. Cir. 2007) ............................................................................................ 16

*MedImmune, Inc. v. Genentech, Inc.*,
   549 U.S. 118 (2007)............................................................................................................... 11

*Novartis Pharmaceuticals Corporation v. Accord Healthcare, Inc.*,
   --- F.4th ----, No. 2021-1070, 2022 WL 2204163 (Fed. Cir. June 21, 2022) ......................... 20

*Sandoz Inc. v. Amgen Inc.*,
   773 F.3d 1274 (Fed. Cir. 2014) .................................................................................... 15, 16

*Sanofi v. Lupin Atlantis Holdings Sa*,
   C.A. No. 15-415-RGA, 2017 WL 384062 (D. Del. Jan. 26, 2017) ....................................... 10

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*,
   482 F.3d 1330 (Fed. Cir. 2007) ................................................................ 10, 11, 15, 18

*Vanda Pharms. v. West-Ward Pharms.*,
   887 F.3d 1117 (Fed. Cir. 2018) ............................................................................................ 10

**Statutes**

21 U.S.C. § 355(j) .............................................................................................................. 3, 5

21 U.S.C. § 355(j)(2)(A)(viii).............................................................................................. 1

21 U.S.C. 355(j)(5)(B)(iii)(I) ........................................................................................ 2, 7, 16

28 U.S.C. § 2201................................................................................................................ 4, 5

28 U.S.C. § 2202.................................................................................................................... 5

35 U.S.C. § 271(e)(2)................................................................................................... passim

**Rules**

F.R.C.P. 12(b)(6) ............................................................................................................... 1, 4

## I.    INTRODUCTION

Plaintiff Novartis Pharmaceuticals Corporation ("Novartis") attempts to (1) dismiss, without prejudice, its claims of infringement related to three Orange Book listed patents despite Defendant Crystal Pharmaceutical (Suzhou) Co. Ltd.'s ("Crystal") counterclaims, and (2) dismiss Crystal's counterclaims under F.R.C.P. 12(b)(6) for "failure to state a claim upon which relief can be granted." The three patents in question—U.S. Patent Nos. 9,517,226; 9,937,143; and 11,135,192 (collectively, "the HFpEF patents")—were only added to the Orange Book in 2021.  The first two were added in March and the last in October.  Crystal's ANDA was filed well before these patents were listed, and, thus, there is no regulatory stay associated with them. As such, it is to Novartis's advantage to delay adjudication of the HFpEF patents as long as it can so as to use the threat of renewed assertion of them against Crystal.

Crystal seeks an early disposition of these patents.  While there is no dispute that Crystal ███████████████████████████████████████████████████████ ███████████████████████████████████████████████████████ declaratory judgment jurisdiction over Crystal's counterclaims continues.  Crystal still seeks final approval of its ANDA "to engage in the commercial manufacture, use, or sale of a drug … the use of which is claimed in a patent before the expiration of such patent."  35 U.S.C. § 271(e)(2).  The question for this Court does not relate to the formal language ██████████ █████████████████████████████████████████████████████ ██████████████████████████.

███████████████████████████ Crystal's view that it does not believe its proposed ANDA labeling indirectly infringes the HFpEF patents.  Novartis's brief, however, does not address Crystal's proposed labeling at all, and ███████████████████████ ██████████████████ implies that it disagrees.  Thus, there is a substantial and

1

immediate dispute regarding Crystal's non-infringement, and declaratory judgment jurisdiction for the counterclaims is proper.[1]

Novartis should state whether it contends Crystal's proposed labeling infringes.  If it does not so contend, Crystal is entitled to a declaration of non-infringement.  If it does contend that Crystal's proposed labeling infringes, then the case should proceed either on the basis of Novartis's Complaints or on Crystal's counterclaims.

## II.    STATEMENT OF NATURE AND STAGE OF PROCEEDINGS

These two Civil Actions, Nos. 21-1347 and 21-1797, are the second and fourth of four pending actions that Novartis has brought against Crystal's ANDA relating to Entresto®.  The first of those actions, 20-md-02930, is presently scheduled for separate invalidity and non-infringement trials in September 2022.  (Ex. 1 at 17-18.[2])  Those trials will address the four Orange Book listed patents that provide the basis for the present stay of regulatory approval.  That stay is set to expire on July 7, 2023.  (21-1347, D.I. 3; 21-1797, D.I. 3.)  If, however, the Court were to render an earlier judgment in Crystal's favor on grounds of non-infringement or invalidity (or both), Crystal could secure earlier approval despite the remaining actions.  21 U.S.C. 355(j)(5)(B)(iii)(I).

As Novartis stated in its Opening Brief (20-md-02930, D.I. 634, "Op. Br."), the two actions at issue here were filed in response to PIV certifications for the HFpEF patents.  ▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮

With regard to these two actions and the third action involving U.S. Patent No.

---

[1]    Additionally, there is clearly a substantive dispute regarding the validity of the HFpEF patents.  This brief focuses on the non-infringement counterclaims.

[2] "Ex. [#]" refers to exhibits attached to the Declaration of Elizabeth M. Crompton, submitted concurrently herewith.

11,058,667, the parties jointly proposed consolidating those matters into the MDL on June 15, 2022, the day after Novartis filed the present motion.  (20-md-2930, D.I. 639 at 2, 5 ¶ 1.)  The proposed consolidation would not affect the September 2022 trials.  In the proposed schedule, Plaintiff stated that it would provide initial infringement claim charts for the HFpEF patents within 30 days of the Order's entry.  (*Id.* at Ex. A, p. 20.)  A consolidated trial on the HFpEF and '667 patents is proposed by all parties for February 2024, roughly 20 months from now.  But the scheduling order has some disputed provisions.  More particularly, Novartis states: "Until the Court rules on Plaintiff's motions to dismiss" (including presumably the present motion as well as pending Hetero and Torrent motions) it will "not participate in any of the related scheduled deadlines with respect to [the HFpEF] patents."  (*Id.* at 5, n.3.)

## III.   SUMMARY OF ARGUMENT

Crystal's counterclaims state a claim for which relief is available.  35 U.S.C. § 271(e)(2) specifically provides that:

> "[i]t shall be an act of infringement to submit (A) an application under section 505(j) of the Federal Food, Drug and Cosmetic Act … for a drug claimed in a patent or the use of which is claimed in a patent, … if the purpose of such submission is to obtain approval under such Act to engage in the commercial manufacture, use, or sale of a drug … claimed in a patent or the use of which is claimed in a patent before the expiration of such patent."

While this language is most commonly associated with PIV certifications, there is no specific requirement of such a certification as to each patent in suit.  Rather, it is an act of infringement when three criteria are satisfied: (1) the application was filed under 21 U.S.C. § 355(j) (i.e., section 505(j) of the FFDC Act) (2) for a drug whose use is claimed in a patent when (3) the purpose is to obtain approval to commercialize a drug whose use is claimed in a patent prior to expiration of the patent.  All three elements are met by Crystal's ANDA, although only requirement (3) appears to be in dispute here.

3

Novartis asserts that some of the uses of Entresto® are claimed in the HFpEF patents.
Crystal seeks to obtain approval and commercialize a generic drug product referencing Entresto®
prior to expiration of the HFpEF patents.  Crystal initially filed PIV certifications with regard to
each of the HFpEF patents ███████████████████████████████████████████████

███████████ Crystal also has filed PIV certifications on other patents expiring much earlier than
2033, the expiration date of the HFpEF patents.  Clearly Crystal intends to obtain approval and
market its product prior to those patents' expiration.

Nothing more is required for subject matter jurisdiction under 35 U.S.C. § 271(e)(2) and
the Declaratory Judgment Act, 28 U.S.C. § 2201.  Therefore, this Court can declare that
Crystal's ANDA with its proposed labeling does not infringe the HFpEF patents.  Dismissal
under Federal Rule of Civil Procedure 12(b)(6) is not merited.

In response to this straightforward jurisdictional argument, Novartis argues ████████████

█████████████████ fails to provide Novartis a viable claim for relief under 35 U.S.C. §
271(e)(2), citing *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1377-78 (Fed. Cir.
2012).  Novartis argues that Crystal does not have a viable claim for relief either.

Novartis misapplies the applicable caselaw.  As explained below, *AstraZeneca* stands for
the proposition that when a Court examines the actual proposed labeling in the ANDA and
determines that the proposed labeling is not covered by the patented use, then no viable claim
exists for the patent owner. ██████████████████████████████████████

███████████████████████████

Novartis has not conceded ████████████████████████████████

████████████████████████████████████████████████████

███████████████████ As such, unless and until Novartis concedes ██████████████████████

████████████████████████ or this Court otherwise concludes the same, Crystal's

counterclaims state a valid request for relief, namely, a declaration of non-infringement.[3]

      If Novartis concedes—or this Court determines—████████████████████████

████████████████████, then those claims are subject to dismissal ***with***

***prejudice*** subject only to reinstitution if the proposed labeling changed in a material way in

relation to infringement of the HFpEF patents.

## IV.    STATEMENT OF FACTS

### A.    Crystal Seeks Approval and Plans to Commercialize Prior to Expiration of the HFpEF Patents

The two suits Novartis seeks to dismiss with its motion (21-1347 and 21-1797) relate to

the same ANDA that is currently pending in 20-md-2930.  When Novartis filed the suits in issue,

it included allegations that "Crystal['s] ANDA Products, to be approved, must contain

instructions for practicing the purportedly claimed methods."  (*See* 21-1347, D.I. 1 at ¶¶ 33-36;

21-1797, D.I. 1 at ¶¶ 28-29.)  Novartis also contended: "Crystal has taken and continues to take

active steps towards the commercial manufacture, use, sale, offer for sale, and/or importation of

the Crystal ANDA Products, including seeking approval of those products under ANDA No.

213605." (21-1347, D.I. 1 at ¶ 39; 21-1797, D.I. 1 at ¶ 32.)  This contention was immediately

followed by: "There is a substantial and immediate controversy between Plaintiff and Crystal

concerning the [HEpEF] patents.  Plaintiff is entitled to declaratory judgment under 28 U.S.C. §§

2201 and 2202 that the use of the Crystal ANDA Products will directly infringe one or more

---

[3]     If the Court denies Novartis's motion to dismiss the HFpEF Suits, Crystal notes that
according to the proposed schedule, Novartis's infringement contentions relating to the HFpEF
patents would be due 30 days after the scheduling order is entered.  (20-md-2930, D.I. 639 at Ex.
A.)  At that time, if Novartis has identified no substantive basis to assert infringement, Crystal
would likely move for judgment on the pleadings or request early summary judgment seeking a
declaration that ████████████████████████ will not infringe the
HFpEF patents.

claims of the [HFpEF] patents and Crystal will induce infringement of and/or contributorily infringe one or more claims of the [HFpEF] patents." (21-1347, D.I. 1 at ¶ 40; 21-1797, D.I. 1 at ¶ 33.) Plaintiff also specifically requested declaratory judgment that Crystal's ANDA products will indirectly infringe the HFpEF patents. (21-1347, D.I. 1 at ¶¶ 44-45; 21-1797, D.I. 1 at ¶¶ 37-38.)

Since those allegations in the Complaints were made, █████████████████ ███████████████████████████████████████████████████████████ ████████████████████████████████████████████ For example, the following four patents are asserted in 20-md-2930 against Crystal, and those patents are set for trial in September, a few months from now.

| Patent | Expiration Date | Pediatric Exclusivity |
|---|---|---|
| U.S. 8,101,659 | 1/15/2025 | 7/15/2025 |
| U.S. 8,796,331 | 1/14/2023 | 7/14/2023 |
| U.S. 8,877,938 | 5/27/2027 | 11/27/2027 |
| U.S. 9,388,134 | 11/8/2026 | 5/8/2027 |

(Ex. 3.)

The HFpEF patents are all scheduled to expire in August of 2033. (*Id.*) Crystal's PIV certification indicates that, if it obtains final approval, it presently intends to market its product prior to the expiration of the patents above. The latest to expire of those patents is 2027, approximately 6 years prior to expiration of the HFpEF patents.

████████████████████████████████████████████████████████████ ████████████ Thus, Crystal has demonstrated that it intends to obtain approval and market its product prior to the expiration of the HFpEF patents.

The only stay of regulatory approval that applies to Crystal's ANDA is based on the 4 patents listed in the table above. (*See* 21-1347, D.I. 3; 21-1797, D.I. 3.) While the regulatory

stay associated with those patents presently prevents FDA final approval of Crystal's ANDA until July 7, 2023, an earlier decision by this Court in Crystal's favor would lift the stay. 21 U.S.C. 355(j)(5)(B)(iii)(I).  There is no regulatory stay associated with the HFpEF patents.

**B.**    **Novartis's Complaints State that Crystal's ANDA Will Induce Infringement; Novartis Has Not Rescinded Those Allegations**

As noted in the preceding section, Novartis has specifically contended that it is entitled to a declaratory judgment that Crystal's ANDA will indirectly infringe the HFpEF patents.  While Novartis has sought to dismiss its claims without prejudice, it has not stated that ██████

██████████████████████████████ will not infringe.

Despite ██████████████████, Novartis brought suit.[5]  Novartis has not stated ██████████████████████████

4 ████████████████████████████████████████████
█████████████████████████████████████████████████████████

5        Novartis may state that, since ████████ was produced in the 20-md-2930 action, it was not permitted to use ████████ produced in that action to assess bringing suit on the HFpEF patents due to the protective order in that case.  But an Offer of Confidential Access ("OCA") was included with both HFpEF Notice Letters and stated: "Subject to the restrictions in the Discovery Confidentiality Order [entered in the MDL], Crystal confirms that Recipient may use the ANDA previously provided for the Permitted Purpose [of determining whether to bring suit]

Finally, on June 10, 2022, 

## V.   ARGUMENT

Novartis's argument is styled as a 12(b)(6) motion with regard to Crystal's

counterclaims, but substantively it states:

> there is no longer any Article III case or controversy of sufficient immediacy and reality between Novartis and Crystal over the [HFpEF] patents because ▮▮▮▮. And, due to the above mentioned July 7, 2023 statutory stay, Crystal cannot engage in any marketing activity that might subject it to induced infringement liability from those patents."

(Op. Br. at 3.)  In other words, the argument reads more like a 12(b)(1) motion alleging lack of

subject matter jurisdiction.  It is clear that there is jurisdiction under 35 U.S.C. § 271(e)(2) and

the Declaratory Judgment Act for Crystal's counterclaims.  Additionally, Novartis's actions (and

lack thereof) establish that there is a substantial and immediate controversy and that Crystal has a

viable claim for relief of a declaration of non-infringement.  The Court should deny Novartis's

motion.

---

by executing one copy of this Confidential Access Agreement …"  (Ex. 8; Ex. 9.)  It does not
appear that Novartis signed the OCA.  Nevertheless, the OCA clearly indicates that, at the time
Novartis brought suit, everyone cleared under the MDL protective order had the ability to review
▮▮▮▮ in relation to the HFpEF patents if the OCA were signed.

### A.      The Court Has Subject Matter Jurisdiction

#### 1.      Subject Matter Jurisdiction Lies Under 35 U.S.C. § 271(e)(2) and the Declaratory Judgment Act

Subject matter jurisdiction is clear from the language of 35 U.S.C. § 271(e)(2).  That language as applicable to this case requires three things: 1) Crystal's application was filed under 21 U.S.C. § 355(j), (2) for a drug whose use is claimed in a patent, and (3) the purpose was to obtain approval to commercialize a drug whose use is claimed in a patent prior to expiration of the patent.  All three elements are met by Crystal's ANDA.

There is no dispute that Crystal's ANDA was filed under 21 U.S.C. § 355(j), the section of the FFDCA that addresses ANDAs.  Indeed, Novartis's Complaints acknowledge as much. (21-1347, D.I. 1 at ¶¶ 29-30; 21-1797, D.I. 1 at ¶¶ 24-25.)[6]

The 21-1347 and 21-1797 Complaints assert that Entresto®'s labeling is covered by "one or more claims" of the patents.  (21-1347, D.I. 1 at ¶¶ 25-27; 21-1797, D.I. 1 at ¶¶ 20-22.)  Thus, requirement two is met since Crystal's ANDA references Entresto®.

Finally, Novartis alleged that Crystal submitted its ANDA seeking approval to engage in commercialization of the Crystal ANDA Products prior to the expiration of all three HFpEF patents.  (21-1347, D.I. 1 at ¶¶ 29-30; 21-1797, D.I. 1 at ¶¶ 24-25.)  Crystal's PIV certifications against the earlier expiring 2023-2027 patents and ███████████████████████ ██████ further indicate Crystal's intent to obtain approval and commercialize prior to expiration of the HFpEF patents in 2033.  Thus, Crystal acknowledges that it has committed the technical act of infringement conferring jurisdiction on this Court.  Due to this technical act of infringement there is also corresponding Declaratory Judgment jurisdiction on behalf of

---

[6]      Those very same paragraphs of the Complaints acknowledge that Crystal has already committed a technical act of infringement sufficient to justify jurisdiction.

Crystal's counterclaims to permit it to establish non-infringement prior to commercial marketing. *See Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1342 (Fed. Cir. 2007) ("Novartis would have an immediate justiciable controversy … as soon as Teva submitted the ANDA; indeed, that is exactly what occurred in this case.  It logically follows that if such an action creates a justiciable controversy for one party, the same action should create a justiciable declaratory judgment controversy for the [ANDA applicant.").

### 2.  Crystal's Proposed Labeling ██████████████████

████████████████████████████████████████████████████████

████████████████████████████ The sole question for the Court is whether ████████████████████████████ causes the Court to lose jurisdiction over Crystal's counterclaims.  The answer is that it does not.

35 U.S.C. § 271(e)(2) does not require ████████████████████████

███████████. *See AstraZeneca Pharms.*, 669 F.3d at 1376-77 ("[T]he requirements for jurisdiction in the district courts are met once a patent owner alleges that another's filing of an ANDA infringes its patent under § 271(e)(2), and this threshold jurisdictional determination does not depend on the ultimate merits of the claims."); *Vanda Pharms. v. West-Ward Pharms.*, 887 F.3d 1117, 1124 (Fed. Cir. 2018) ("Vanda's complaint alleged that West-Ward infringed the '610 patent under 35 U.S.C. § 271(e)(2)(A) by filing the ANDA. [] Nothing more was required to establish the district court's subject matter jurisdiction [even though no PIV on the '610 patent had been filed at that time]); *Sanofi v. Lupin Atlantis Holdings Sa*, C.A. No. 15-415-RGA, 2017 WL 384062, at *1 (D. Del. Jan. 26, 2017) (finding subject matter jurisdiction after ANDA filer changed certification from PIV to a Paragraph III).

The Court has jurisdiction over Novartis's infringement claim; therefore, the Court correspondingly also has jurisdiction over Crystal's counterclaims of invalidity and non-

infringement because Crystal has committed the jurisdiction-conferring act of technical infringement. *See Teva Pharms.*, 482 F.3d at 1342. As such, Crystal is entitled to receive a declaration that ███████████████████████████████████████████████████

### B. Crystal's Counterclaims Warrant Declaratory Judgment

Novartis argues that Crystal's counterclaims cannot remain pending for independent adjudication after Novartis's claims are dismissed because they do not state a claim upon which relief can be granted. This is incorrect.

Crystal's declaratory judgment counterclaims demonstrate substantial controversy and sufficient immediacy. *See MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 127 (2007); *Teva Pharms.*, 482 F.3d at 1340-45. The controversy relates to ███████████████████
███████████████████████████████████████████████
██████████████████████████████

### 1. Novartis Seeks to Avoid Resolution of the Controversy ██████████
███████████████████████████████████████████████████
█████████████████████████████ Thus, Crystal believes that its ANDA products will not infringe the claims of the HFpEF patents. ██████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
███████████████████████████████████████████████████
█████████████

Accordingly, if Novartis agrees ██████████████████████████████████████,
then it can so state and the parties can resolve this matter through a covenant not to sue or an appropriate stipulation. Alternatively, after such a statement, this Court could declare that

████████████████████████████████████.

####    a.    The *AstraZeneca* Decision Relied on Plaintiffs' Concession of Non-Infringement

Novartis does not state that ████████████████████████████████████████████

████████████████████████████████████████    Rather, Novartis argues that despite its

silence on the substantive issue of infringement, jurisdiction for Crystal's Declaratory Judgment

counterclaims was destroyed by ████████████████████████████████████

citing *AstraZeneca Pharms.*, 669 F.3d at 1377-78.  (Op. Br. at 6.)  Novartis misreads

*AstraZeneca*.

The factual predicate for *AstraZeneca* is set forth in the district court decision.  That court

analyzed the proposed labeling of 10 different ANDAs and stated in various fashions that the

"proposed labeling … shows that it seeks approval … [for uses] not claimed [in the asserted]

patents;" or "Plaintiffs do not specifically allege that … [various generic's] proposed labels

include any patented indications;" or the like.  *AstraZeneca Pharms. LP v. Apotex Corp.*, 2010

WL 5376310 at *4-6 (D. Del. Dec. 22, 2010).  After concluding that the proposed labeling of

each ANDA application did not include the claimed uses, i.e., did not infringe, the Court

dismissed Plaintiffs' claims under § 271(e)(2) as lacking jurisdiction.  *Id.* at *14.  In reaching its

conclusion the court stated:  "Here there is no dispute that all Defendants seek approval for

indications not claimed by either [of the asserted] patents."  *Id.*

The Federal Circuit disagreed with the lack of jurisdiction holding because "the

requirements for jurisdiction in the district courts are met once a patent owner alleges that

another's filing of an ANDA infringes its patent under § 271(e)(2), and this threshold

jurisdictional determination does not depend on the ultimate merits of the claims."  *AstraZeneca

Pharms.*, 669 F.3d at 1377 (citing to *Allergan, Inc. v. Alcon Labs., Inc.*, 324 F.3d 1322, 1330

(Fed. Cir. 2003)).  But the Federal Circuit affirmed the judgment of dismissal on other grounds.

The Federal Circuit affirmed because AstraZeneca "failed to state a viable claim for relief under § 271(e)(2)." *Id.* at 1377-78 (cited in Op. Br. at 6).  Plaintiff asserts that this lack of a viable claim for relief was because ███████████████████████████████████ (Op. Br. at 6.)  The Court's opinion, however, makes clear that in finding a lack of a viable claim it relied on the analysis of ████████████████████████████ *AstraZeneca Pharms.*, 669 F.3d at 1378 & n.5.  ████████████████████ ████████████████ that court stated: "AstraZeneca has not alleged, nor could it allege, that Appellee's ANDAs seek FDA approval for uses … covered by the [asserted] patents as would be required to state a viable § 271(e)(2) claim."  *Id.* at 1379.

The Federal Circuit went further, however, in addressing AstraZeneca's arguments in opposition to the dismissal.  AstraZeneca argued that a dismissal would mean that a court is unable to reach a determination as to whether the Section viii statements were improper or misleading, i.e., whether an infringing use was actually included within the labeling despite the assurances in the Section viii statement.  *Id.* at 1380.  ███████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████████████████████

████████████████████  [7]  *Id.* (emphasis added).  In conclusion, after reviewing the relevant

_____

[7] ████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████████████
████████████████████████████████

ANDA documents[8] the Federal Circuit affirmed the dismissal stating: "Because Appellees have submitted ANDAs seeking approval to market [a drug] for uses that are not subject to AstraZeneca's [asserted] method of use patents, AstraZeneca does not state a claim for infringement of these patents under § 271(e)(2)." *Id.*

        **b.**     **There Is a <u>Substantial Controversy Because Novartis Has Not</u> Conceded** ███████████████████████████████

Crystal asserts that ████████████████████████████████████████████. Novartis's response, at best, is unclear. Its Complaints allege infringement due to ██████████ █████████, allege direct and indirect infringement, and seek declaratory judgment of direct and indirect infringement. While Novartis seeks to dismiss its Complaints without prejudice to refile, it does not state that it no longer contends ████████████████████████████.

Additionally, Novartis only relies on ██████████████████████████ in its motion to dismiss. Novartis never addresses █████████████████, nor does it take a position on ██████████████████████████. Rather, Novartis's brief implies that it still contends ████████████████████████.

Novartis states that ████████████████████████████████ ████████████████████████████████████████████████████ ████████████ (Op. Br. at 1, 6.) Furthermore, Novartis argues that it ██████████████████████ ████████████████████████████████████ ██████████████████████████████████████████ ██████████████████████████████████████

─────────────
8     Novartis asserts that ANDA documents can be considered with regard to a motion to dismiss because they are integral to the non-infringement counterclaims. (Op. Br. at 5 (citing *id.* at 1378 n.5).) Crystal agrees. The ANDA documents that are available for consideration include ████████████████████████████████

███████████████████████████████████████████████████████████

███████████████████████████████████████████████████████████████

████████. *Teva Pharms.*, 482 F.3d at 1343 (quoting the Legislative History: "'We believe that the only circumstance in which a case or controversy might not exist would arise in the rare circumstance in which the patent owner and brand drug company have given the generic applicant a covenant not to sue, or otherwise formally acknowledge that the generic applicant's drug does not infringe.'")

Finally, Novartis maintained its suits for more than half a year and only brought its motion to dismiss ████████████████████████████████████████████ ██████████████████████ If Novartis does not contend ██████████████████████ ████████, it should have sought to dismiss earlier. █████████████████████████ ███████████████████████████████████████████████████████████ █████████████

Based on the foregoing, there is presently a substantial controversy between the parties. But, if Crystal is misconstruing Novartis's position, the Federal Circuit's *AstraZeneca v. Apotex* decision makes clear how Novartis can resolve this issue. █████████████████████████ ██████████████████████████████████████████ then Novartis will no longer have a viable claim for relief. Conversely, Crystal then should receive the relief it requested, i.e., a declaration of non-infringement of the HFpEF patents.

### 2. The Controversy Is Sufficiently Immediate

The controversy regarding potential infringement of the HFpEF patents also is immediate. Immediacy is not directly related to the amount of time between filing the action and the event creating liability. Rather, the question of immediacy focuses on "whether there is an immediate impact on the plaintiff and whether the lapse of time creates uncertainty." *Sandoz*

15

*Inc. v. Amgen Inc.*, 773 F.3d 1274, 1277 (Fed. Cir. 2014). Crystal will be left with the specter of litigation held over it until the issue of infringement of the HFpEF patents is resolved.

First, with regard to immediacy, Crystal has already technically infringed under § 271(e)(2). This alone provides the required immediacy.

Moreover, the 20-md-2930 case is scheduled for trial in September. Final FDA approval of Crystal's ANDA is only stayed until July 2023, and if the Court rules in Crystal's favor in the 20-md-2930 case before then, FDA could approve the ANDA earlier. Accordingly, Crystal could potentially begin marketing its ANDA products once the regulatory stay expires or the Court rules in the first litigation—that is, any time after conclusion of the trials in September 2022. 21 U.S.C. § 355(j)(5)(B)(iii)(I).

The cases Novartis cites to demonstrate a lack of immediacy actually suggest that the requisite immediacy is present here. In *Sandoz*, Sandoz had not yet filed its application with FDA or completed clinical trials when the court found that Sandoz had not alleged an injury of sufficient immediacy. 773 F.3d at 1279-80. Similarly, in *Benitec Australia, Ltd. v. Nucleonics, Inc.*, Nucleonics was still researching potential medical uses of the technology at issue and did not anticipate filing an application with FDA for years, if ever. 495 F.3d 1340, 1346-49 (Fed. Cir. 2007). Unlike the parties in *Sandoz* and *Benitec*, Crystal's ANDA has been filed, and Crystal has a definite plan for its ANDA products. *See Sandoz*, 773 F.3d at 1281 (contrasting Sandoz's lack of FDA filing with the Hatch-Waxman Act's "essential requirement for such actions … is the defendant's filing of the FDA application needed for market entry"). Crystal could begin marketing its ANDA products as soon as FDA grants approval, but Crystal seeks confirmation that ███████████████████████████ will not infringe.

Furthermore, Novartis's arguments about lack of immediacy contradict the positions it

has taken in the Complaints that are the subject of this motion and its Complaint in related case 21-1330, in which it is asserting infringement of U.S. Patent No. 11,096,918 against a number of ANDA applicants.  (21-1330, D.I. 1.)  With regard to the present motion, both Complaints raised the Declaratory Judgment Act as a basis for jurisdiction and relief and relied on Crystal's present activities to support immediacy.  (21-1347, D.I. 1 at ¶¶ 39-40, 44-45; 21-1797, D.I. 1 at ¶¶ 32-33, 37-38.)  Crystal does not understand how Novartis's claims filed months ago would have sufficient immediacy under that Act, yet Crystal's counterclaims purportedly lack such immediacy now.

With regard to 21-1330, Novartis has asserted the '918 patent against other generic defendants.  The '918 patent is not listed in the Orange Book, and none of the defendants have begun marketing their ANDA products, so Novartis only alleged declaratory judgment jurisdiction.  Final approval of those ANDAs also is stayed until July 2023 due to some of the patents that are the subject of the September 2022 trials.  Thus, the other generics are in the same approval position as Crystal.  Nevertheless, Novartis alleges, as it does with Crystal, that each of the defendants in 21-1330 "has taken and continues to take active steps towards the commercial manufacture, use, sale, offer for sale, and/or importation of [their] ANDA Products, including seeking approval of those products under [their respective] ANDA[s]" such that "[t]here is a substantial and immediate controversy" and "Novartis is entitled to declaratory judgment" of infringement.  (21-1330, D.I. 1 at ¶¶ 136-137, 144-145, 152-153, 160-161, 168-169, 176-177, 184-185.)  If Novartis's question of infringement of the non-Orange Book listed '918 patent by the defendants in 21-1330 is sufficiently immediate, so are Crystal's counterclaims of non-infringement of the HFpEF patents.

### C.     If Novartis Is Granted Dismissal, It Should Be With Prejudice

Crystal opposes Novartis's request for a dismissal without prejudice.  Under these facts,

dismissal **with prejudice** is the appropriate remedy.

Absent such a dismissal, Crystal is prejudiced by Novartis's refusal to state ▮▮▮▮



▮▮▮ As such, Novartis seeks to forestall the inevitable by withdrawing its Complaints in the

hopes of raising the same issues again at some later date to trouble both Crystal and this Court.

*Teva Pharms.*, 482 F.3d at 1345 ("Novartis' selective '937 suit creates uncertainty as to Teva's

legal rights under its ANDA. … It is this exact type of uncertainty of legal rights that the ANDA

declaratory judgment action was enacted to prevent.").  If Novartis is unwilling to state ▮▮▮

▮▮▮▮▮▮▮▮▮▮ such a refusal would again indicate that Crystal's

counterclaims address a concrete controversy.

Moreover, based on previous cases and Novartis's own actions in this case, Crystal is

concerned that Novartis's motion to withdraw without prejudice is merely an effort to engage in

serial litigation in an attempt to forestall a true final decision on the patents involving Entresto®.

Such an effort is contrary to one of the purposes of Hatch-Waxman to resolve cases

expeditiously.  *Id.* at 1344 ("A central purpose of the Hatch–Waxman Act and the subsequent

ANDA declaratory judgment amendment to that Act is to enable competitors to bring cheaper,

generic ... drugs to market as quickly as possible.  Novartis' actions frustrate this purpose and

create a basis for finding a justiciable controversy.") (alteration in original; internal quotation and

citation omitted).

With regard to this action, Crystal has had four different Complaints asserted against it as

Novartis continues to obtain and assert new patents. Thus, what began as a suit on four patents that is scheduled for trial in September now involves four additional patents. With regard to the additional suits, an agreed scheduling order was submitted proposing trial in February of 2024, but in that same scheduling order Novartis refuses to comply with any HFpEF-related schedule until its motions to dismiss are decided. (20-md-2930, D.I. 639 at 5 n.3.) Novartis's refusal raises the possibility that, if its present motion is denied, it may seek to use the intervening delay to seek a third, separate trial. All of which permits Novartis time to obtain more patents to assert. While none of the suits other than the first one involves a regulatory stay, all of the latter ones involve potential assertions of a preliminary injunction if Novartis loses the September 2022 trials.

In essence, Novartis seeks to use these serial suits as a Sword of Damocles over Crystal's head. That threat is subject to resolution now, and this Court should rebuff Novartis's request that the Court should dismiss based on its Declaratory Judgement Act discretion. Novartis can state ███████████████████████████████████████, and Crystal can receive a declaration of non-infringement on its counterclaims and a dismissal with prejudice entered against Novartis's claims. Alternatively, Novartis can agree that ████████████████████ ██████ and this suit can proceed to resolution as Crystal proposes. What should not happen is for this Court and Crystal to remain in limbo because Novartis refuses to take a position, leaving the Court and Crystal wondering when Novartis will choose to re-assert these patents.

Such serial litigation by Novartis is present in at least one other District of Delaware case. In that instance, Novartis filed suit in December of 2014 on U.S. Patent No. 5,604,229, a compound patent covering fingolimod. (14-1487, D.I. 1, 3.) During the pendency of that suit before Judge Stark, U.S. Patent No. 9,187,405 issued directed to a fingolimod dosing regimen.

That patent, like the HFpEF patents, did not confer a regulatory stay.  Novartis waited almost three years and brought suit on the '405 patent in July 2018, approximately a year prior to expiration of the '229 patent.  (18-1043, D.I. 1.)  Ultimately, Novartis requested a preliminary injunction based on the '405 patent.  (18-1043, D.I. 357.)  The case then proceeded to trial before Judge Jordan, sitting by designation, and while he ruled in favor of Novartis, the Federal Circuit recently reversed.  *Novartis Pharmaceuticals Corporation v. Accord Healthcare, Inc.*, --- F.4th ----, No. 2021-1070, 2022 WL 2204163 (Fed. Cir. June 21, 2022).  While that case was proceeding, Novartis filed yet another suit on U.S. Patent No. 10,543,179 in January of 2020. (20-133, D.I. 1, 3.)  That case is now set for trial in April 2023 in front of Judge Noreika. (20-133, D.I. 123.)

Thus, one drug product led to three serial suits against many of the same ANDAs that have been pending for nearly a decade.  The serial litigation has required the efforts of three different District of Delaware judges (including Judge Jordan sitting by designation).

Similarly here, Novartis raises the possibility of delay by seeking to dismiss without prejudice its suit on the HFpEF patents while reserving the right to re-assert those patents at a time more to its advantage.  Judicial economy and fairness to Crystal indicate that this suit should be resolved now either based on a concession by Novartis that ████████████ ████████████████ or by Novartis setting forth its contentions of infringement in cases brought over 6 months ago and letting the case proceed.  In the latter case, the action could proceed to trial with the '667 patent in February of 2024 (or otherwise resolved through earlier dispositive resolution).

## VI.    CONCLUSION

For the reasons above, Novartis's motion to dismiss the HFpEF Suits should be denied.

HEYMAN ENERIO
GATTUSO & HIRZEL LLP

OF COUNSEL:

*/s/ Dominick T. Gattuso*
Dominick T. Gattuso (# 3630)
300 Delaware Avenue, Suite 200
Wilmington, DE 19801
(302) 472-7300
dgattuso@hegh.law

Scott A. Cunning II
Elizabeth M. Crompton
PARKER POE ADAMS & BERNSTEIN, LLP
1400 K Street, NW
Suite 1000
Washington, DC 20005
202.434.9100
scottcunning@parkerpoe.com
elizabethcrompton@parkerpoe.com

*Attorneys for Defendant Crystal Pharmaceutical (Suzhou) Co., Ltd.*

C. Kyle Musgrove
PARKER POE ADAMS & BERNSTEIN, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
704.372.9000
kylemusgrove@parkerpoe.com

Dated:  June 30, 2022