# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re Entresto (Sacubitril/Valsartan) Patent Litigation | ) ) ) ) | C.A. No. 20-md-2930-RGA |
| NOVARTIS PHARMACEUTICALS CORPORATION, | ) ) ) ) ) | |
| Plaintiff, | ) ) | PUBLIC VERSION FILED: July 19, 2022 |
| v. | ) ) | C.A. No. 21-1347-RGA<br>C.A. No. 21-1797-RGA |
| CRYSTAL PHARMACEUTICAL (SUZHOU) CO., LTD., | ) ) ) | |
| Defendant. | ) ) | |

**NOVARTIS'S REPLY BRIEF IN SUPPORT OF ITS
MOTION TO DISMISS CIVIL ACTION NOS. 21-1347 AND 21-1797
<u>AND THEIR ASSOCIATED COUNTERCLAIMS</u>**

**TABLE OF CONTENTS**

I. Introduction ................................................................................................................... 1

II. Argument ...................................................................................................................... 2

III. Conclusion .................................................................................................................... 8

ME1 41418654v.1

# **TABLE OF AUTHORITIES**

**Cases**

*AstraZeneca Pharms. LP v. Apotex Corp.*,
  669 F.3d 1370, 1377-78 (Fed. Cir. 2012) ........................................................................ 3, 4, 5

*AstraZeneca Pharms. LP v. Apotex Corp.*,
  C.A. No. 10-338, 2010 WL 5376310 (D. Del. Dec. 22, 2010) .................................................. 3

*Genentech, Inc. v. Amgen Inc.*,
  C.A. No. 17-1407-CFC, 2020 U.S. Dist. LEXIS 23311 (D. Del. Feb. 11, 2020) ...................... 2

*Haskell Off. LLC v. MooreCo, Inc.*,
  C.A. No. 21-02533, 2022 U.S. Dist. LEXIS 90070 (E.D. Pa. May 19, 2022) .......................... 2

*Prasco LLC v. Medicis Pharm. Corp.*,
  537 F.3d 1329 (Fed. Cir. 2008) .................................................................................................. 2

*Sanofi v. Lupin Atlantis Holdings SA*,
  C.A. No. 15-415-RGA, 2017 WL 384062 (D. Del. Jan. 26, 2017) ........................................... 6

*SCVNGR, Inc. v. DailyGobble, Inc.*,
  C.A. No. 17-1857-RGA, 2018 U.S. Dist. LEXIS 169749 (D. Del. Oct. 2, 2018) ..................... 7

*Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*,
  482 F.3d 1330 (Fed. Cir. 2007) .................................................................................................. 5

*Vanda Pharms. v. West-Ward Pharms.*,
  887 F.3d 1117 (Fed. Cir. 2018) .................................................................................................. 5

**Statutes**

21 U.S.C.§ 355(j)(5)(B)(iii)(I) ......................................................................................................... 7

28 U.S.C. § 2201(a) ......................................................................................................................... 3

35 U.S.C. § 271(e)(2) .................................................................................................................. 5, 6

**Rules**

F.R.C.P. 12(b)(1) ............................................................................................................................. 5

F.R.C.P. 12(b)(6) ............................................................................................................... 1, 4, 5, 6

F.R.C.P. 41(a)(2) ............................................................................................................................. 1

I.     **Introduction**

In its May 4, 2022 ███████████████████████████████████████████

████████████████████████████████████████████████████████████████

████████████████████████████████████████████. C.A. No. 21-1347, D.I. 24-1. By that ████████████████████ Crystal extinguished any Article III controversy between Novartis and Crystal over Novartis's U.S. Patent Nos. 9,517,226 ("'226 patent"), 9,937,143 ("'143 patent"), and 11,135,192 ("'192 patent") (collectively, "the HFpEF patents").

Novartis, Crystal and twelve other defendant groups are currently engaged in litigation over six other sacubitril/valsartan patents. Trial on four of those patents (U.S. Patent Nos. 8,101,659 ("'659 patent"), 8,796,331 ("'331 patent"), 8,877,938 ("'938 patent") and 9,388,134 ("'134 patent")) is scheduled for September 2022. Crystal Opposition Brief ("CB"), C.A. No. 21-1347, D.I. 28, at 2. Scheduling orders recently were submitted for litigation over the other two patents (U.S. Patent Nos. 11,096,918 ("'918 patent") and 11,058,667 ("'667 patent")) targeting a February 2024 trial date. C.A. No. 20-md-2930, D.I. 639, 640. In the interests of disposing Novartis's and Crystal's no-longer-viable claims for the HFpEF patents and conserving resources, Novartis has moved to dismiss its Civil Action Nos. 21-1347 and 21-1797 ("HFpEF Suits") against Crystal under F.R.C.P. 41(a)(2), and Crystal's associated counterclaims under F.R.C.P. 12(b)(6).

Crystal now not only opposes Novartis's Rule 12(b)(6) motion to dismiss Crystal's counterclaims, but demands that the Court—at the pleadings stage, no less—issue an advisory opinion ████████████████████████████ does not infringe the HFpEF patents. For the reasons below, Crystal's opposition to Novartis's motion to dismiss, and its demand for an

1

advisory opinion of non-infringement, are without merit. Novartis's motion to dismiss should be granted, and the Court need not decide the merits of whether ▮▮▮▮▮ infringes the HFpEF patents to do so.

## II.     Argument

*First,* Crystal asserts that an Article III controversy continues to exist over the HFpEF patents because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. CB at 1-2, 4-5, 11-12, 15. Crystal is mistaken. The fact that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is insufficient to establish the existence of an Article III controversy. *See, e.g.*, *Prasco, LLC v. Medicis Pharm. Corp.*, 537 F.3d 1329, 1341 (Fed. Cir. 2008) (failure to sign covenant not to sue insufficient to establish Article III controversy); *Genentech, Inc. v. Amgen Inc.*, C.A. No. 17-1407-CFC, 2020 U.S. Dist. LEXIS 23311, at *19 (D. Del. Feb. 11, 2020) (same); *see also Haskell Off. LLC v. MooreCo, Inc.*, C.A. No. 21-02533, 2022 U.S. Dist. LEXIS 90070, at *14-15 (E.D. Pa. May 19, 2022) (refusal by patentee to sign covenant not to sue not dispositive of Article III controversy, where defendant demanded such a covenant only after filing its counterclaims).

Moreover, Novartis cannot ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. As explained in Novartis's opening brief, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. Novartis Opening Brief ("NB"), C.A. No. 21-1347, D.I. 24, at 2-3; 4 fn. 1. Crystal's ANDA documents demonstrate that FDA requires that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See* CB

Exhibit 2 at 22 (███████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

████████████████████████████████████████████████████████████

███████████

***Second,*** Crystal asserts that, ████████████████████████████, Crystal is "entitled" to a declaratory judgment of non-infringement of the HFpEF patents from this Court. CB at 2, 5, 11-12, 15.  But Crystal cites no relevant authority to support that proposition.  There is none.  As explained in Novartis' opening brief, a district court's authority to hear declaratory judgment claims is discretionary under 28 U.S.C. § 2201(a).  NB at 5-6.  And *AstraZeneca Pharms. LP v. Apotex Corp.*, 669 F.3d 1370, 1377-78 (Fed. Cir. 2012), is clear that a patentee (like Novartis) has no viable claim for infringement of method-of-use patents (like the HFpEF patents) against an ANDA filer (like Crystal) ████████████████████████████

███████ and Crystal has not alleged any other facts that give rise to an Article III controversy of sufficient immediacy and reality between Novartis and Crystal over the HFpEF patents to support a declaratory judgment claim.  NB at 5-6.  Under these circumstances, Crystal is not "entitled" to a declaratory judgment of non-infringement of the HFpEF patents from this Court.

***Third,*** Crystal asserts that, as a prerequisite to granting Novartis's motion to dismiss, the Court must decide on the merits ████████████████████████████ does not infringe the HFpEF patents. CB at 4-5, 12-14.  (In essence, Crystal asserts that, to dismiss an infringement claim in a Hatch-Waxman suit, the Court must provide an advisory opinion on the very infringement claim it is dismissing.)  In connection with that assertion, Crystal contends that the *AstraZeneca*

3

Federal Circuit decision and the underlying district court decision, *AstraZeneca Pharms. LP v. Apotex Corp.*, C.A. No. 10-338, 2010 WL 5376310, at *4-6 (D. Del. Dec. 22, 2010), establish that the contents of an ANDA product's label, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ should be the "focus" of the dismissal inquiry. CB at 4, 12-14. Crystal is mistaken. The *AstraZeneca* district court decision does not directly discuss the contents of the labels for four of the nine accused ANDA products there at issue, *i.e.*, those for Apotex, Cobalt, Glenmark, and Torrent—but does note that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for all nine accused ANDA products. 2010 WL 5376310, at *4-6. And the *AstraZeneca* Federal Circuit decision does not include any significant analysis of the contents of the labels for the accused ANDA products; instead, it simply reproduces a part of Mylan's label as "representative." 669 F.3d at 1374. As in *AstraZeneca*, the Court here need not decide the merits of whether ▮▮▮▮▮▮▮ infringes the HFpEF patents to dismiss Crystal's counterclaims pursuant to F.R.C.P. 12(b)(6).[1]

*Fourth,* Crystal cites the infringement allegations set forth in Novartis's complaints for the HFpEF Suits to suggest that those allegations constitute sufficient evidence of an Article III controversy. CB at 5-7, 9. They do not. Those allegations were based upon Crystal's August and November 2021 Paragraph IV notice letters, which represented that Crystal had submitted Paragraph IV certifications for the HFpEF patents. NB at 1-2. In view of Crystal's correspondence with FDA, such as that discussed *supra* at 2-3, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

---

[1] Crystal observes that the *AstraZeneca* Federal Circuit decision ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ CB at 13, *citing* 669 F.3d at 1380. But Crystal does not explain how that aspect of *AstraZeneca* is relevant here. Novartis has not asserted ▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Neither has Crystal. The Court thus need not

4

Novartis reasonably believed at the time it filed its complaints for the HFpEF Suits that Crystal's Paragraph IV certifications for the HFpEF patents would require ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉ Novartis has no viable claim against Crystal for infringement of the HFpEF patents, and Crystal has no viable declaratory judgment counterclaim against Novartis for non-infringement of the HFpEF patents.

*Fifth,* Crystal raises the straw-man argument that Novartis's Rule 12(b)(6) motion to dismiss Crystal's counterclaims for failure to state a claim is really a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. CB at 8-10. It is not. Novartis did not move to dismiss Crystal's counterclaims under Rule 12(b)(1) because the *AstraZeneca* Federal Circuit decision is clear that a district court retains subject matter jurisdiction pursuant to 35 U.S.C. § 271(e)(2) over ANDA litigation ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. 669 F.3d at 1376-77 ("As a preliminary matter, we agree with AstraZeneca that its infringement claims based on Appellees' existing ANDAs were within the district court's jurisdiction."). *AstraZeneca*, however, is equally clear that there is no "***viable claim for relief*** under [35 U.S.C.] § 271(e)(2)" with respect to the infringement of method-of-treatment patents ▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉. *Id.* at 1377 (emphasis added). That is why Novartis moved to dismiss Crystal's counterclaims under F.R.C.P. 12(b)(6), rather than F.R.C.P. 12(b)(1). And in response to Novartis's Rule 12(b)(6) motion, Crystal has provided no facts or evidence to show that it faces any liability from the HFpEF patents that give rise to an Article III controversy of sufficient immediacy and reality to sustain a viable claim for relief under 35 U.S.C. § 271(e)(2).

Crystal nevertheless cites *AstraZeneca*, *Teva Pharms. USA, Inc. v. Novartis Pharms. Corp.*, 482 F.3d 1330, 1342 (Fed. Cir. 2007), *Vanda Pharms. v. West-Ward Pharms.*, 887 F.3d 1117, 1124 (Fed. Cir. 2018), and *Sanofi v. Lupin Atlantis Holdings SA*, C.A. No. 15-415-RGA, 2017 WL 384062 at *1 (D. Del. Jan. 26, 2017), to argue that the Court retains subject matter jurisdiction over Crystal's counterclaims. CB at 9-11. Crystal misses the point. While Novartis does not disagree that the Court retains subject matter jurisdiction over Crystal's counterclaims, *Teva*, *Vanda* and *Sanofi* are silent on the question of whether ▮▮▮▮▮▮▮▮▮▮ warrants dismissal pursuant to F.R.C.P. 12(b)(6) for failure to state a claim for relief. *AstraZeneca* answers that question squarely in favor of dismissal pursuant to F.R.C.P. 12(b)(6).

***Sixth,*** Crystal asserts that Novartis's 21-1330 suit against a number of defendants other than Crystal on the '918 patent contradicts Novartis's argument that there is no Article III controversy between Novartis and Crystal over the HFpEF patents. CB at 16-17. There is no contradiction. The reason why there is no Article III controversy between Novartis and Crystal over the HFpEF patents is because ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

***Seventh,*** Crystal asserts that Novartis, in moving to dismiss the HFpEF Suits and Crystal's associated counterclaims, is "delay[ing] adjudication" of the HFpEF patents for the purpose of threatening Crystal with future litigation. CB at 1-2, 18-20. Crystal is mistaken. As explained above, Novartis's motive in moving to dismiss the HFpEF Suits and Crystal's

6

associated counterclaims is to rid itself and Crystal of claims that are no longer viable under 35 U.S.C. § 271(e)(2), thereby conserving resources for other pending sacubitril/valsartan cases.

Leaving aside Novartis's motive for seeking dismissal, Crystal will suffer no undue prejudice from the dismissal without prejudice of the HFpEF Suits and their associated counterclaims. Because Crystal filed its ANDA before the HFpEF patents were Orange Book-listed, "[t]here is no regulatory stay associated with the HFpEF patents." CB at 1, 7. Thus, any future suit against Crystal on the HFpEF patents—assuming one is even necessary—would not block FDA approval of Crystal's ANDA.[2] And while Crystal speculates about the burdens that a future HFpEF suit may bring, "[t]he mere prospect that a defendant will face a subsequent lawsuit is not legal prejudice." *SCVNGR, Inc. v. DailyGobble, Inc.*, C.A. No. 17-1857-RGA, 2018 U.S. Dist. LEXIS 169749, at *2 (D. Del. Oct. 2, 2018).

*Eighth,* Crystal asserts that, if the Court grants Novartis's motion to dismiss, the dismissal should be with prejudice. CB at 17-20. But Crystal identifies no circumstance here that would warrant a dismissal with prejudice. Crystal has not incurred any undue burden in connection with the HFpEF Suits, and the mere prospect that Crystal may face a subsequent lawsuit on the HFpEF patents ███████████████████ does not warrant a dismissal with prejudice. While Crystal raises the recent litigation concerning Novartis's fingolimod drug product as an illustration of alleged "serial litigation," CB at 19-20, Crystal was not a party to that litigation and does not explain how the timing or manner in which Novartis sued the

---

[2] Crystal, citing 21 U.S.C. § 355(j)(5)(B)(iii)(I), states that "[i]f…the Court were to render an earlier judgment in Crystal's favor on grounds of non-infringement or invalidity (or both), Crystal could secure earlier approval despite the remaining actions." CB at 2. That statement, and § 355(j)(5)(B)(iii)(I) upon which it relies, apply only to the '659, '331, '938 and '134 patents for which Crystal has maintained its Paragraph IV certifications. ███████████████
███████████

7

defendants in the fingolimod litigation unduly prejudiced those defendants. Additionally, Crystal has failed to cite any authority to support its demand for ▮▮▮▮▮▮▮▮▮▮▮▮ an immediate declaratory judgment from the Court that ▮▮▮ does not infringe the HFpEF patents.

Dismissal of the HFpEF Suits and Crystal's associated counterclaims thus should be without prejudice, so that the parties and the Court remain free to reach the merits of any future Article III controversy over the HFpEF patents, should one arise.

### III.     Conclusion

For the foregoing reasons, Novartis's motion to dismiss should be granted, and the Court need not decide the merits of whether ▮▮▮▮▮▮ infringes the HFpEF patents to do so.

ME1 41418654v.1

Dated: July 12, 2022                                MCCARTER & ENGLISH, LLP

                                                  By: /s/ Daniel M. Silver
                                                         Daniel M. Silver (#4758)
                                                         Alexandra M. Joyce (#6423)
OF COUNSEL:                                         Renaissance Centre
                                                         405 N. King Street, 8th Floor
Nicholas N. Kallas                                  Wilmington, Delaware 19801
Christina Schwarz                                   (302) 984-6300
Christopher E. Loh                                  *dsilver@mccarter.com*
Susanne L. Flanders                                 *ajoyce@mccarter.com*
Jared L. Stringham
Shannon K. Clark                                    *Attorneys for Plaintiff Novartis*
Laura K. Fishwick                                   *Pharmaceuticals Corporation*
Gregory J. Manas
VENABLE LLP
1290 Avenue of the Americas
New York, New York 10104
(212) 218-2100
*nkallas@venable.com*
*cschwarz@venable.com*
*cloh@venable.com*
*slflanders@venable.com*
*jlstringham@venable.com*
*skclark@venable.com*
*lfishwick@venable.com*
*gjmanas@venable.com*

9

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that true and correct copies of the foregoing document were caused to be served on July 12, 2022 on the following counsel in the manner indicated below.

### VIA EMAIL:

Dominick T. Gattuso
HEYMAN ENERIO GATTUSO & HIRZEL LLP
300 Delaware Ave., Suite 200
Wilmington DE, 19801
302-472-7311
dgattuso@hegh.law

Scott A. Cunning II
Elizabeth M. Crompton
PARKER POE ADAMS & BERNSTEIN, LLP
Suite 1000
Washington, DC 20005
(202) 434-9100
scottcunning@parkerpoe.com
elizabethcrompton@parkerpoe.com

C. Kyle Musgrove
PARKER POE ADAMS & BERNSTEIN, LLP
620 South Tryon Street, Suite 800
Charlotte, NC 28202
(704) 372-9000
kylemusgrove@parkerpoe.com

*Attorneys for Defendant Crystal Pharmaceutical (Suzhou) Co., Ltd.*

Dated: July 12, 2022                               */s/ Daniel M. Silver*
                                                   Daniel M. Silver (#4758)

ME1 41418017v.1